UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JEAN SALI,                               :
        Petitioner               :
                             :
    v.                                   :          CIVIL NO. 4:CV-05-2226
                             :
                             :          (Judge McClure)
THOMAS HOGAN, WARDEN,                    :
ET AL.,                                  :
        Respondents              :

FILED
WILLIAMSPORT, PA

**MEMORANDUM AND ORDER**

NOV – 8 2005

November 8, 2005

MARY E. D'ANDREA, CLERK

PER _____
DEPUTY CLERK

**Background**

    Jean Sali ("Petitioner"), a detainee of the Bureau of Immigration and Customs

Enforcement ("ICE") presently confined at the York County Prison, York,

Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241.  The petition is accompanied by an in forma pauperis application.  Named as

Respondents are Warden Thomas Hogan of the York County Prison, Secretary Michael

Chertoff of the Department of Homeland Security, and Acting Field Office Director

Thomas Decker of the ICE.

    Sali describes himself as being a 49 year old citizen of Haiti who entered the

United States "without admission or parole" on October 29, 2002.  Record document

no. 1, ¶ 8.  Petitioner states that he was convicted of conspiracy to commit alien

smuggling and sentenced to a 27 month term of imprisonment "in federal district court

in Florida."  Id. at ¶ 9.  He adds that an arrest in Pennsylvania on a charge of

possession of marijuana did not result in a criminal conviction.  During May, 2004,

Petitioner was transferred into the custody of the ICE.  An Immigration Judge denied

Sali's request for withholding and deferral of removal on February 22, 2005.

His present petition does not challenge the legality of his deportation but, rather,

his continued detention pending removal.  Petitioner indicates that he has been

subjected to a prolonged detention without any meaningful review.  Sali maintains that

his indefinite detention in ICE custody while awaiting deportation violates international

law and constitutes cruel and unusual punishment under the Eighth Amendment.  He

asks that this Court grant him immediate release based on the Supreme Court's

decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

Attached to the petition is a copy of a June 23, 2005 letter from Acting Field

Office Director Decker which advised Sali that his detention would continue and that

jurisdiction of his custody would be transferred to the  ICE's Headquarters Post-order

Detention Unit (HQPDU) if he was not released or removed by September 15, 2005.

See id. at Exhibit A.  On September 15, 2005, Petitioner states that he supplied the

2

HQPDU with a written request for release on parole and supporting affidavits. See id. at Exhibit B. Sali asserts that although more than thirty (30) days have elapsed since his submission, the HQPDU has not provided him with a written response.

## Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.[1] At the conclusion of the ninety (90) day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

In Zadvydas, the United States Supreme Court addressed the issue of whether

---

[1] Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

(i)   The date the order of removal becomes administratively final.

(ii)   If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

3

§1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the ninety (90) day removal period or only for a period reasonably necessary to effectuate the alien's deportation.  Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention." Zadvydas, 533 U.S. at 689.  Furthermore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.  To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 701.

The Supreme Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id.  It stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.  The Zadvydas holding was limited to removable aliens.  In Clark v. Martinez, __ U.S. __, 125 S.Ct. 716, 727 (2005), the Supreme Court extended Zadvydas to two Mariel

4

Cubans who had been deemed inadmissible to the United States. Thus, Sali is entitled to protection under Zadvydas regardless of whether he is a removable or an inadmissible alien.

In response to Zadvydas, the ICE adopted 8 C.F.R. §241.13. The regulation "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at §241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. §241.13(a). Specifically, an eligible alien may make a written request for release to the HQPDU, "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien." 8 C.F.R. § 241.13(d)(1).

Within ten (10) business days of receipt of the request, the HQPDU must provide the alien a written response acknowledging receipt of his request and explaining the procedures that will be used to evaluate the request. 8 C.F.R.   § 241.13(e)(1). The HQPDU may grant an interview to the alien if such an interview would "provide assistance in rendering a decision." 8 C.F.R. § 241.13 (e)(5). The

factors that the HQPDU must consider include:

> the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question, and the receiving country's willingness to accept the alien into its territory.

8 C.F.R. § 241.13(f). The regulation further provides that the "HQPDU shall issue a written decision based on the administrative record, including any documentation provided by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. The HQPDU shall provide the decision to the alien, with a copy to counsel of record, by regular mail." 8 C.F.R. § 241.13(g).

Sali alleges that he has challenged his continued detention by filing a request for release with the HQPDU which has gone unanswered. Consequently, the Respondents are instructed, in accordance with the directive of the Attorney General, to treat, as of this date, Sali's present petition for a writ of habeas corpus under §2241 as a request for release under 8 C.F.R. §241.1.  See Zhang v. United States Attorney General, Civil No. 3:CV-02-336 slip op. (M.D. Pa. March 11, 2002) (Conaboy, J.); Singh v. INS, Civil No. 1:CV-01-1820, slip op. (M.D. Pa. Oct. 2, 2001)(Rambo, J.).  The ICE shall

respond to the request within thirty (30) days as mandated.  Having referred the matter

to the ICE for disposition under existing review procedures, the petition will be

dismissed without prejudice.  Sali may reassert his present claims in a new § 2241

action, if the HQPDU fails to act on his request in a timely manner.  Consequently,

**IT IS HEREBY ORDERED**:

1.   Petitioner's request to proceed in forma pauperis is granted.

2.   The petition for writ of habeas corpus to the extent it challenges Sali's
     ongoing detention is construed as a request for release under 8 C.F.R. §
     241.13. The ICE shall respond to the request as mandated under said
     regulations.

2.   Petitioner's challenge to his ongoing detention, having been referred to the
     ICE for disposition under its existing review procedures, is hereby
     dismissed without prejudice.

3.   If the HQPDU fails to respond in a timely manner, Petitioner may reassert
     his present claims in a new § 2241 petition.

4.   The Clerk of Court is directed to serve a copy of the petition and this
     Order on the Respondents and the United States Attorney.

5.    The Clerk of Court is directed to close this case.


                              s/ James F. McClure, Jr.
                              JAMES F. McCLURE, JR.
                              United States District Judge